## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

DEC 0 7 2015

JULIA C. DUDLEY, CLERK
BY: *J. Clark*
DEPUTY CLERK

KAREN TAYLOR BAGHERI,
**Administrator of the Estate of**
SHAWN MATTHEW MCKEE, deceased,

      Plaintiff,

v.

DWIGHT L. BAILEY, M.D.,

and

APPALACHIAN EMERGENCY
PHYSICIANS,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:14-CV-77

## FINAL JURY INSTRUCTIONS

James P. Jones
United States District Judge

# INSTRUCTION NO. 1

Members of the jury, you have heard the lawyers argue the case and you have heard the evidence. It is now my duty to instruct you as to the law. The instructions that I gave you at the beginning of the trial and during the trial remain in effect. You must, of course, continue to follow my earlier instructions as well as those that I give you now. You must not single out some instructions and ignore others, but must consider the instructions as a whole.

It is your duty to determine from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you believed that the law was different or should be different. Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. No action or remark that I have made during the course of this trial was intended to give any opinion or suggestion as to what your verdict should be. During this trial, I have occasionally asked questions of witnesses in order to bring out facts not then fully covered in testimony. Do not assume that I hold any opinion on the matter to which my questions related.

Please remember that when I refer to the plaintiff in these instructions, I mean Karen Taylor Bagheri in her capacity as the administrator of the estate of Shawn Matthew McKee, and when I refer to the defendants, I mean Dr. Dwight L. Bailey and Appalachian Emergency Physicians.

INSTRUCTION NO. 2

In these instructions you are told that your verdict depends on whether you find that certain facts have been proved. As this is a civil case, the burden is on the plaintiff to prove every element of her claim by the greater weight of the evidence, also known as the preponderance of the evidence. To prove something by the greater weight of the evidence is to show that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

## INSTRUCTION NO. 3

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited solely to what you have seen and heard the witnesses testify. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from the facts which have been established by the evidence in the trial.

INSTRUCTION NO. 4

The term "preponderance of the evidence" does not necessarily mean the greater number of witnesses, but means the greater weight of all the evidence. It is the evidence that is most persuasive and satisfactory to the minds of the jury. The testimony of one witness in whom the jury has confidence may constitute a preponderance.

## INSTRUCTION NO. 5

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits and any facts that have been stipulated — that is formally agreed to by the parties. You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence in the case.

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about a matter that the witness personally saw, heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence.

Certain things are not evidence. I shall list those things for you now: First: Statements, arguments, questions and comments by lawyers representing the parties in the case do not constitute evidence. In particular, statements by the lawyers as to the amount of damages sought in the case are not evidence, and you should not consider it as evidence in arriving at your verdict. Second: Objections are not evidence. Lawyers have a right to object if they believe something is improper. You should not be influenced by an objection. If I sustained an objection to a question, you must ignore the question and must not attempt to guess what the answer might have been. You must not consider any matter that was rejected or stricken by the Court. It is not evidence and

should be disregarded. Finally: Anything you saw or heard about this case outside of the courtroom is not evidence.

## INSTRUCTION NO. 6

In deciding what the facts are, you may also have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, only part of it, or none of it.

In weighing the testimony of a witness, you should consider his or her relationship to the parties. You must also consider his or her interest, if any, in the outcome of the case, his or her manner of testifying, his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified, the candor, fairness, and intelligence of a witness and the extent to which a witness' testimony is supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witnesses' present testimony. If you believe that any witness has been so impeached, then you may give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

This case should be considered by you as an action between persons and entities of equal worth. All persons and entities are equal before the law and are considered equals in the courtroom today.

# INSTRUCTION NO. 7

You may consider statements given by one of the parties to this case before trial as evidence of the truth of what was said in the earlier statement, whether or not the statement was given under oath. You may also use this prior statement to determine how much weight to give his or her trial testimony.

With respect to other witnesses, the law is different. With these witnesses, the only statements made before trial that can be considered for their truth are statements that were made under oath. If you decide that, before the trial, one of these witnesses made a statement not under oath, and that statement was inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether his or her trial testimony was true, and what weight to give his or her trial testimony.

INSTRUCTION NO. 8

In considering the weight to be given to the testimony of an expert witness you should consider the basis for the expert's opinion and the manner by which the expert arrived at it and the underlying facts and data upon which the expert relied.

# INSTRUCTION NO. 9

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1)    Was Dr. Bailey negligent?

(2)    If Dr. Bailey was negligent, was his negligence a proximate cause of Mr. McKee's June 25, 2013 death?

(3)    Was Dr. Bailey an employee of Appalachian Emergency Physicians when he treated Mr. McKee?

(4)    If the plaintiff is entitled to recover, what is the amount of money that will fully and fairly compensate Mrs. McKee and her children for their damages?

On these issues, the plaintiff has the burden of proof.

Your decision on these issues must be governed by the instructions of the Court.

## INSTRUCTION NO. 10

You shall find your verdict for the plaintiff as to her claim against Dr. Bailey if the plaintiff has proven by a preponderance of the evidence that:

(1)     Dr. Bailey was negligent; and that

(2)     Dr. Bailey's negligence was a proximate cause of Mr. McKee's June 25, 2013 death.

You shall find your verdict for the plaintiff as to her claim against Appalachian Emergency Physicians if:

(1)     You found in favor of the plaintiff as to her claim against Dr. Bailey; and

(2)     The plaintiff has proven by a preponderance of the evidence that Dr. Bailey was the employee of Appalachian Emergency Physicians while he provided care and treatment to Mr. McKee.

You shall find your verdict:

(1)     For both of the defendants if the plaintiff failed to prove by a preponderance of the evidence that Dr. Bailey was negligent or if the plaintiff failed to prove that such negligence was a proximate cause of Mr. McKee's June 25, 2013 death.

(2)     For Appalachian Emergency Physicians (even if you find Dr. Bailey liable) if the plaintiff failed to prove Dr. Bailey was an employee—instead of an independent contractor—of Appalachian Emergency Physicians.

# INSTRUCTION NO. 11

Dr. Bailey had the duty to use the degree of skill and diligence in his care and treatment of Mr. McKee that a reasonably prudent doctor in the Commonwealth of Virginia would have used under the circumstances of this case. This is often referred to as "the standard of care."

If Dr. Bailey failed to perform this duty, then he was negligent.

The fact that a doctor's efforts on behalf of his patient were unsuccessful does not, by itself, establish negligence.

# INSTRUCTION NO. 12

You must determine the degree of care that was required of Dr. Bailey by considering only the expert testimony on that subject.

## INSTRUCTION NO. 13

A proximate cause of a death is a cause which, in natural and continuous sequence, produces the death. It is a cause without which the death would not have occurred when it did. There may be more than one proximate cause of a death.

## INSTRUCTION NO. 14

There can be no verdict against the plaintiff based on the uncorroborated testimony of Dr. Bailey.

Corroborating evidence is evidence that tends to confirm and strengthen or to show the truth or probability of the testimony of the defendants. Such evidence need not come from an independent witness; it may be furnished by physical facts or from other circumstances adequately proven.

If you find that some or all of the testimony of Dr. Bailey was uncorroborated, you must disregard the uncorroborated testimony.

INSTRUCTION NO. _____14A_____

The Court instructs the jury that after seeing Dr. Bailey, Mr. McKee had no duty to arrange his own CT scan.

1

# INSTRUCTION NO. 15

An employer is a person or legal entity with the power or right to control the means and methods of performance by which another person performs the employer's work. An employee is the person who is subject to the power or right of an employer to control the means and methods of performing the work. An employer is liable for all damages proximately caused by the negligence of its employee.

On the other hand, an independent contractor is a person who is engaged to produce a specific result but who is not subject to the control of the employer as to the way he brings about that result. An employer who hires an independent contractor is not liable for the independent contractor's actions.

Certain factors may help you determine whether an employment relationship exists. Those factors are: (1) selection and engagement of the individual, (2) payment of compensation to the individual, (3) power to dismiss the individual, and (4) power to control the work of the individual. The fourth factor, the power to control, is determinative as to whether an employment relationship exists.

# INSTRUCTION NO. 16

OMITTED.

# INSTRUCTION NO. 17

The statement in the contract between Dr. Bailey and Appalachian Emergency Physicians that Dr. Bailey is an independent contractor does not necessarily determine whether Dr. Bailey was an employee of Appalachian Emergency Physicians. This provision in the contract will not govern if, after consideration of all of the material factors, you determine that Dr. Bailey was an employee of Appalachian Emergency Physicians.

You must consider all evidence introduced in determining whether Dr. Bailey was an employee of Appalachian Emergency Physicians.

The presence or absence of insurance is not to be considered by you in any way in deciding the issue of liability of Dr. Bailey or, if you find your verdict for the plaintiff, in considering the issue of damages.

The existence or lack of insurance shall not enter into your discussions or deliberations in any way in deciding these issues in this case. The existence of insurance is only relevant to deciding whether Dr. Bailey was an employee or an independent contractor of Appalachian Emergency Physicians.

## INSTRUCTION NO. 19

If you find for the plaintiff, then in determining the amount of money to which Mrs. McKee and her children are entitled, you shall consider any of the following which you believe by the greater weight of the evidence was caused by Dr. Bailey's negligence:

(1)     The sorrow, mental anguish, and loss of solace suffered by Mrs. McKee and her children.     Solace may include Mr. McKee's society, companionship, comfort, guidance, kindly offices, and advice.

(2)     The reasonably expected loss in income provided by Mr. McKee.

(3)     The reasonably expected loss of services provided by Mr. McKee.

(4)     Reasonable funeral expenses.

In addition, if you award the plaintiff damages, you may decide that interest should be applied to that award of damages.     If you decide that such interest is appropriate, you must determine the date from which such interest must be calculated.

Your verdict shall be for such sum of money as will fully and fairly compensate each statutory beneficiary for the damages that were suffered as a result of his death.

## INSTRUCTION NO. 20

The burden is on the plaintiff to prove by the greater weight of the evidence each item of damage she claims. She is not required to prove the exact amount of damages, but she must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If the plaintiff fails to do so, then she cannot recover for that item.

INSTRUCTION NO. 21

The court instructs you that Mr. McKee was 31 years old at the time of his death and his life expectancy, as stated by Virginia law, was another 45.6 years to 76.6 years old. You should consider this life expectancy figure as evidence along with any other evidence relating to the health, constitution, and habits of Mr. McKee in determining his life span had he not died on June 25, 2013.

# INSTRUCTION NO. 22

If you award damages, then you may - but are not required to - specify the percentage or proportion of the damages to be received by each of the beneficiaries, after payment of funeral expenses. If you decide not to specify the proportion to be received by each of the beneficiaries, or if you cannot unanimously agree to such proportion, the Court will make that decision.

# INSTRUCTION NO. 23

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. It does not mean that you should find for the plaintiff or award any damages. Instructions as to the measure of damages are given only for your guidance, in the event that you find in favor of the plaintiff on the question of liability, by a preponderance of the evidence, and in accord with my other instructions.

# INSTRUCTION NO. 24

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement without violence to individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all of the evidence, discussed it fully with fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during the deliberations, you may send a note to me through the bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or by having you return to the court room so that I can address you orally. Remember that you should not tell anyone, including me, how your vote stands numerically.

Fourth, during your deliberations, you must not communicate with anyone else outside of the jury about the case. You must not use any electronic devise, including cell

phones, the Internet, a blog, website, or other method to communicate about the case or conduct any research.

Fifth, your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict must be unanimous, you must all agree. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide. If you wish to have any or all of the exhibits sent to the jury room, you should advise the bailiff.

Finally, a verdict form is simply written notice of a decision that you reach in this case. Here are forms submitted to you for your consideration. You will take these forms to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the appropriate form, sign it, and advise the bailiff that you are ready to return to the courtroom.

## VERDICT

We, the Jury, on the issues joined, unanimously find in favor of Dr. Bailey and Appalachian Emergency Physicians.

_____
        Foreperson