**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **KAREN TAYLOR BAGHERI,** | * | |
| **Administrator of the Estate of** | * | |
| **Shawn Matthew McKee, Deceased,** | * | |
| | * | |
| **Plaintiff,** | * | **Civil Action No.  1:14-CV-77** |
| | * | **Judge Jones** |
| **v.** | * | |
| | * | |
| **DWIGHT L. BAILEY, M.D., et al.,** | * | |
| | * | |
| **Defendants.** | * | |

**MOTION FOR NEW TRIAL**

The defendants, Dwight L. Bailey, M.D. and Appalachian Emergency Physicians, move

the Court for a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(A) for the following reasons:

1.      The jurors violated the Court's instructions during the course of the trial:

   a.      The Court gave the jury the following instructions repeatedly throughout
            the trial:

      i.      Not to receive information about the case outside the courtroom,
               particularly through news accounts and social media.

      ii.     Not to discuss the case, particularly "among yourselves," until the
               evidence was complete and the Court sent the jury to the jury room
               to deliberate.

      iii.    If anyone discussed the case with any juror, the jurors were to let
               the Court know "right away."

   b.      WCYB's news programs, website, and Facebook posts, between the
            second and third days of trial, broadcast unfairly prejudicial information
            about Dr. Bailey.  Seven of twelve jurors were exposed directly or
            indirectly to the inaccurate and inflammatory information:

      i.      They inaccurately said Dr. Bailey's license had been suspended (as opposed to surrendered)

      ii.     They inaccurately said decedent died from over-prescribed narcotics.

      iii.    They inaccurately said decedent was among five patients who died in six years under Dr. Bailey's care.

      iv.    They included Facebook statements by decedent's half-sister to the effect that Dr. Bailey "killed my brother." (Tr. Day 3, p. 137.)

      v.     They included statements that Dr. Bailey should be thrown in jail, thrown under the jail, and the key thrown away.

      vi.    They included statements that, from review of the Complaint, it was a case of clear malpractice.

      vii.   They stated $3,000,000.00 as the amount sued for.

      viii.  They included a copy of the Complaint.

c.     Defendants brought to the Court's attention that inaccurate news accounts about Dr. Bailey were broadcast on two local television networks (Fox and WCYB), were posted on WCYB's website, and were posted on WCYB's Face Book page. The news account on Face Book was shared and commented on by dozens of people, including the decedent's half-sister. All this happened between the second and third day of trial. Therefore, the Court conducted a hearing on the third day of trial to determine whether jurors had become aware of these news accounts. The result of this hearing was as follows:

      i.      Four jurors acknowledged they were aware of the news accounts through television broadcasts, through the television-station website, or through Face Book.

      ii.     Three other jurors acknowledged they heard one or more of the four jurors who received the media accounts discussing the accounts. One of the jurors said Juror Kilgore revealed comments about the case made by Juror Kilgore's wife.

      iii.    The foregoing is a clear violation of the Court's instructions.

Because certain jurors admittedly violated the Court's instructions during the trial, there should be no presumption the jurors were otherwise faithful to their oaths and followed the Court's instructions in reaching the verdict. These violations impeach and invalidate the verdict.

2.      The initial introduction of misleading, irrelevant, and highly prejudicial

evidence—ultimately ruled inadmissible—that Dr. Bailey's medical license was "suspended."


3.      It was error to exclude from evidence (a) Dr. Paschall's testimony that the

decedent's widow in the emergency department in Idaho said Dr. Bailey recommended the

decedent have a follow up CT scan and (b) the information redacted by the Court from the

emergency department record dictated by Dr. Paschall on July 25, 2013.  (Compare Defendants'

Trial Exhibit No. 17 (Doc. No. 108-2) to Defendant's Trial Exhibit No. 20 (Doc. No. 108-5).)

This evidence was admissible because:

     a.     The testimony of Dr. Paschall is not hearsay.

     b.     The emergency department record dictated by Dr. Paschall on the date of decedent's death is not hearsay.

     c.     The statements by the decedent's widow (a statutory beneficiary) were admissions.

     d.     The statements are relevant on the standard of care.

     e.     The statements are relevant on causation (decedent improved).

     f.     The emergency department record dictated by Dr. Paschall and the statements of the widow corroborate Dr. Bailey's testimony that he recommended in the emergency department on July 7, 2013 the need for a follow up CT scan if the decedent failed improve.  The need for corroboration was specifically addressed in Jury Instruction No. 14 (Doc. No. 112, Page 16 of 29) wherein the Court instructed the jury to disregard any uncorroborated testimony by Dr. Bailey.

     g.     The emergency department record dictated by Dr. Paschall and the statements of the widow 18 days after the emergency department visit with Dr. Bailey refute the assertion that Dr. Bailey fabricated this recommendation after learning the decedent died.

3

4.     The introduction of evidence that Dr. Bailey had medical malpractice insurance was error and was unfairly prejudicial.  Moreover, the limiting instruction by the Court only served to emphasize the existence of medical malpractice insurance to the detriment of the defendants.

5.     It was error for the Court to submit Jury Instruction No. 14A, namely "The Court instructs the jury that after seeing Dr. Bailey, Mr. McKee had no duty to arrange his own CT scan."  (Document 112, Page 17 of 29.)  This instruction contains the false premise that there was a duty to arrange for a CT scan.  By saying decedent did not have this duty, the instruction unfairly implies Dr. Bailey had such a duty.  Whether the standard of care required a follow up CT scan was one of the disputed issues in the case on which the expert witnesses disagreed.

6.     It was error for the Court to refuse defendants' Instruction No. 12 (Doc. No. 120).  Although the Court orally told the jury to disregard Dr. Bailey's lack of a license, the failure to provide a written jury instruction at the close of the evidence under-emphasized the importance of this instruction.

7.     The Court erred in permitting Dr. Larry Lynch give opinions on decedent's consumption rate and household wage rate which were unsupported by reliable and relevant data, were speculative, and generally inadmissible under Federal Rule of Evidence 702.

8.     The Court lacked subject-matter jurisdiction since most of the indicators regarding the decedent's domicile were for Virginia, not Idaho.  Although this is not a basis for a

new trial, defendants reiterate this position to avoid any suggestion they waived their objection to the Court's exercising subject-matter jurisdiction.  (See Motion to Dismiss, Doc. No. 41.)

**WHEREFORE**, defendants ask the Court to order a new trial.

**DWIGHT L. BAILEY, M.D. and
APPALACHIAN EMERGENCY PHYSICIANS**

s/ James N. L. Humphreys
VA Bar No. 27868
423-378-8862; Fax:  423-378-8804
humphrey@hsdlaw.com

s/ Jimmie C. Miller
TN Bar No. 009756
423-378-8852; Fax:  423-378-8804
jmiller@hsdlaw.com

**HUNTER, SMITH & DAVIS, LLP**
P. O. Box 3740
Kingsport, TN 37664

## CERTIFICATE OF SERVICE

On February 3, 2016, I hereby certify that I electronically filed the foregoing **Motion for New Trial** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

S. D. Roberts Moore/Anthony M. Russell/Charles H. Smith, III/
Benjamin D. Byrd/Andrew M. Bowman/Travis J. Graham
**GENTRY LOCKE RAKES & MOORE, LLP**
P. O. Box 40013
Roanoke, VA  24022-0013
(Counsel for Plaintiff)

s/ James N. L. Humphreys

Humphreys/Medpro

5